### ALPHONS CUSTODIS CHIMNEY CONST. CO. v. BROAKER

(Supreme Court, Appellate Term. June 5, 1908.)

1. CONTRACTS—PERFORMANCE—WILLINGNESS TO PERFORM—ADMISSIBILITY OF EVIDENCE.

In an action to recover a sum paid to defendant for services rendered and to be rendered in testifying as an expert accountant in a certain suit, questions asked defendant as to his readiness to attend the trial as a witness under the retainer were improperly excluded.

2. SAME—PERFORMANCE.

> Where plaintiff paid defendant a sum to testify as an expert account-
> ant in a certain suit, and, though the trial in which defendant was to
> testify had not been held when this action was begun, defendant had con-
> ferred with plaintiff's counsel in the preparation of its pleadings in the
> suit, and had kept in touch with the situation, and was prepared to testi-
> fy in plaintiff's behalf at the trial, he was entitled to some compensation,
> if not to all the retainer paid, unless fraud or utter failure to perform
> were shown.

Appeal from Municipal Court, Borough of Manhattan, First Dis-
trict.

Action by the Alphons Custodis Chimney Construction Company
against Frank Broaker. From a judgment for plaintiff, defendant
appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and DAYTON and
GERARD, JJ.

Friend & Friend, for appellant.
Jacob Fromme, for respondent.

PER CURIAM. The action was to recover $300 paid by plain-
tiff to defendant for services to be rendered by the latter immediately
after said payment, but which were not rendered, although requested.
Demand for payment was made on January 15, 1908. The answer
alleged that the $300 received by defendant was for a retaining fee
on account of services theretofore and to be rendered as a certified
public accountant and as an expert witness in an action brought by
the American Audit Company against the plaintiff, that services were
rendered, and that defendant was still ready and willing to perform
the services for which he was engaged.

The action brought by the audit company was for $1,271.45, bal-
ance of $4,621.42. The receipt given by defendant to plaintiff was
as follows: "To retainer in suit brought by American Audit Co.,
$300.—Aug. 1, 1907." The action of the audit company against
plaintiff had not been determined at the time of this trial. Plaintiff's
testimony was to the effect that several conferences were had with
defendant concerning the claim of the audit company and that $300
was to cover this preliminary work, and in case the audit company
did go into court he would get $25 a day while in court. Defendant
testified that the work done by the audit company was not correct;
that he also conferred with plaintiff's counsel in the preparation of
its answer to the audit company's claim. His testimony showed that
he sought to keep in touch with the situation and agreed to show
that the accounting prepared by the audit company was not properly
prepared. Plaintiff's attorney testified that he called on defendant
with reference to preparing for trial.

Several questions were asked of the defendant as to his readiness
to attend as a witness for the plaintiff in the audit company suit. All
these questions were excluded, and defendant excepted. This was
error. Undeniably a contract was entered into. Unquestionably the
defendant was retained and performed some services. If plaintiff
wished to rescind, the defendant was entitled to some compensation,

if not to all his retainer, unless fraud or utter failure to perform were shown.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.